```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


PERCY BINGHAM, JR.                              CIVIL ACTION

VERSUS                                          No. 08-3593

JOSEPH WILSON, et al.                           Section I/3
```

## ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiff, Percy Bingham, Jr., ("Bingham").  Defendants in this matter are Joseph Keith Wilson,[1] American National Property and Casualty Company ("ANPAC"), and Progressive Security Insurance Company ("Progressive"), in its capacity as an uninsured/under-insured motorist carrier.  For the following reasons, plaintiff's motion to remand is **GRANTED.**

## BACKGROUND

On April 29, 2008, Bingham filed a lawsuit against Wilson, ANPAC, and Progressive in the Civil District Court for the Parish of Orleans, State of Louisiana.[2]  In that lawsuit, Bingham alleges that on or about July 27, 2007, at the intersection of Chef Menteur Highway and Press Drive, a vehicle owned and operated by Wilson, rear-ended a vehicle, owned and operated by Bingham.[3] According to

---

[1] Bingham's petition names both Joseph Wilson and Keith Wilson as defendants. Rec. Doc. No. 1-4, p. 1, para. 1. However, the removal notice states that Keith Wilson and Joseph Wilson are the same person. Rec. Doc. No. 1, p. 2, para. 4. The opposition to remand refers to defendant as "Joseph Keith Wilson." Rec. Doc. No. 9, p. 1.

[2] Rec. Doc. No. 1-4.

[3] *Id*. at p. 2, para. 3.

Bingham, the sole and proximate cause of the accident was the negligence and fault of Wilson.[4]

Bingham alleges that ANPAC and Progressive are also liable for his injuries because, at the time of the accident at issue, each insurer provided coverage for the type of loss suffered by Bingham.[5]  According to Bingham, ANPAC provided a liability insurance policy on Wilson's vehicle and Progressive provided uninsured/under-insured motorist coverage on Bingham's vehicle.[6]

On May 29, 2008, Wilson and ANPAC removed Bingham's lawsuit to federal court citing diversity jurisdiction pursuant to 28 U.S.C. § 1332.[7] On June 27, 2008, Bingham filed this motion arguing that the above-captioned matter should be remanded because (1) ANPAC and Wilson have not proven the citizenship of any of the defendants, (2) Progressive was not improperly joined as a defendant to destroy diversity jurisdiction, and (3) all of the defendants failed to join in the removal notice within thirty (30) days of service on

---

[4]*Id*. para. 4.

[5]*Id*. at p. 3, paras. 6-7.

[6]*Id*.

[7] The removal notice alleges that plaintiff is a "Louisiana resident," ANPAC is "a Missouri insurance company with its principle place of business in Missouri" and that Wilson is a "resident of Tennessee." Rec. Doc. No. 1, p. 3, para. 8. The Court notes that citizenship of individuals is determined based on domicile rather than residency. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)(Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile.").

The removal notice fails to state the citizenship of Progressive. Instead, the notice alleges improper joinder of Progressive and asserts that the Court should, therefore, not consider Progressive's "residency." Rec. Doc. No. 1, p. 4, para. 13. According to the notice, "all proper parties to this action are completely diverse." *Id.* at para. 15.

the first-served defendant.[8]

## LAW AND ANALYSIS

**I.   STANDARDS OF LAW**

   **A.   MOTION TO REMAND**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal statute is strictly construed.  *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").  Doubts concerning removal are to be construed against removal and in favor of remand to state court.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

   **B.   IMPROPER JOINDER**

Wilson and ANPAC assert that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Progressive has been

---

[8]Progressive did not join the notice of removal filed by ANPAC and Wilson.

improperly joined in Bingham's lawsuit. There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).[9] In *Smallwood v. Illinois Central Railroad*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
>
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d

---

[9] The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder." *Smallwood*, 385 F.3d at 571 n.1.

644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549). The court must also resolve all ambiguities in the controlling state law in plaintiff's favor. *Id.*

   C.   **CLAIMS AGAINST UNISURED/UNDER-INSURED MOTORIST INSURER ("UM")**

Louisiana has a strong public policy in favor of UM coverage, evidenced by statutes imposing UM coverage regardless of policy language or party intentions unless expressly waived in writing. *Duncan v. U.S.A.A. Ins. Co.*, 950 So. 2d 544, 547 (La. 2006). The Louisiana Supreme Court has stated, "[t]he object of UM insurance is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance." *Id*.

Under Louisiana law, a solidary obligation exists between UM insurers and tortfeasors, arising "either when the tortfeasor is uninsured or when the tortfeasor's liability coverage is less than the amount of damages sustained by the tort victim." *Fertitta v. Allstate Ins. Co.*, 462 So. 2d 159, 162 (La. 1985). Solidary

obligations allow the creditor to demand payment of the entire debt from either obligor[10] and, therefore, conform with the purpose of UM coverage to promote full recovery for the victim. *See id.* at 163. Between insurers, the obligation of the UM carrier is secondary to the obligation of the tortfeasor's liability insurer. *Edwards v. Dairyland Ins. Co.*, 560 So. 2d 95, 99 (La. Ct. App. 3d Cir. 1990). To recover against UM insurers, claimants must plead and prove the alleged tortfeasor's lack of insurance. *Keller v. Amedeo*, 512 So. 2d 385, 386 (La. 1987); *Clement v. Trinity Universal Ins. Co.*, 515 So. 2d 651, 651 (La. Ct. App. 3d Cir. 1987) ("The lack of insurance on the offending vehicle and its driver is a condition precedent to the applicability of the UM endorsement and a matter which the claimant must plead and prove in order to recover from the UM carrier.").

## II. **DISCUSSION**

Bingham argues that Wilson and ANPAC have failed to satisfy their heavy burden of showing that Progressive was improperly joined to defeat diversity jurisdiction.[11] Wilson and ANPAC contend that Bingham fails to state a claim against Progressive because his petition does not allege that Wilson's vehicle was either uninsured or under-insured.[12] Defendant relies on the Louisiana Supreme

---

[10] Payment by one of the solidary obligors is credited against the obligation and reduces the amount owed by the other solidary obligor to the creditor. *Clement v. Trinity Universal Ins. Co.*, 515 So. 2d 651, 653 (La. Ct. App. 1987)

[11] Rec. Doc. No. 7-2, p. 13

[12] Rec. No. 9, pp. 3-4.

Court's ruling in *Keller v. Amedeo* that "the claimant must plead and prove lack of insurance in order to recover in a UM case." *See Keller*, 512 So. 2d at 386.

Despite ANPAC and Wilson's arguments, the Louisiana State Supreme Court did not detail the pleading requirement necessary to state a cause of action against a UM insurer. *See id.*[13] Plaintiff's petition alleges that Progressive provided an uninsured/under-insured policy to Bingham and that "said policy provided coverage for the type of loss sued upon herein...."[14] ANPAC and Wilson have not provided, and the Court's research has not revealed, any cases that suggest a finding that the language in plaintiff's petition is legally deficient for the reasons asserted by the defendants.

In an improper joinder analysis, the Court must focus on the *possibility* of recovery rather than the merits or strength of the claim. *Smallwood*, 385 F.3d at 573; *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 336 (5th Cir. 2004)("The district court was not to conduct a mini-trial of McKee's claims but rather determine if there is any reason for the train crew to be defendants in the case."). Bingham argues recovery is possible against Progressive under two theories–if coverage under ANPAC's policy is not established or if the damages exceed the $500,000 limits of the

---

[13] The issue before the court in *Keller* was whether any additional liability insurance covering an alleged under-insured motorist is an affirmative defense that the UM must plead in its answer.

[14] Rec. No. 1-4, p. 3, para 7.

-7-

ANPAC policy.[15] Either scenario presents a reasonable basis for recovery against Progressive. According to plaintiff, his injuries include five herniated discs and a bulging disc.[16]

Plaintiff cites multiple cases where plaintiffs recovered over $500,000 for damages resulting from disc injuries, indicating that it is within the realm of possibility that Bingham's damages may exceed ANPAC's $500,000 policy limits.[17] ANPAC and Wilson provide no cases to the contrary. Instead, they submit several exhibits to show that there is no basis for Bingham's argument that his claims could exceed ANPAC's $500,000 policy limits and that, therefore, the joinder of Progressive cannot be justified. They support their argument with a pre-litigation demand letter for $195,000 and attached medical records sent by plaintiff's attorney. They further direct the Court's attention to statements in a police report indicating light contact between the vehicles and plaintiff's

---

[15] Rec. Doc. No. 7-2, pp. 9-13.

Bingham asserts that ANPAC has not stipulated to coverage under its policy and may argue a defense to coverage. *Id.* at p. 9. The notice of removal states, "[p]laintiff alleges that ANPAC issued an insurance policy which they claim covers Keith Wilson." Rec. Doc. No. 1, p. 2, para. 4.

Plaintiff and defendants, ANPAC and Wilson, agree that Wilson's liability limits under the ANPAC policy are $500,000. Rec. Doc. No. 7-2, p. 11; Rec. Doc. No. 9, p. 5.

[16] Rec. Doc. No. 7-2, p. 11. ANPAC and Wilson admit that Bingham has "bulging or herniated discs." Rec. Doc. No. 9, p. 6.

[17]*See, e.g., Parquette v.Certified Coating of Calif., Inc.*, 966 So. 2d 91, 94-97 (La. Ct. App. 4th Cir. 2007); *Jones v. Harris*, 896 So. 2d 237, 241-43 (La. Ct. App. 4th Cir. 2005); *Harvey v. Cole*, 808 So. 2d 771, 781-82 (La. Ct. App. 4th Cir. 2002).

reasons for reporting the collision.[18]

Although the Court may look beyond the pleadings in an improper joinder analysis, the inquiry is limited. "Piercing the pleadings" is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. Furthermore, "[d]iscovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Id.* at 574. The Fifth Circuit has held that district courts may consider "summary judgment-type evidence" such as affidavits and depositions. *Travis*, 326 F.3d at 649; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *B., Inc.*, 663 F.2d at 549 ("In support of their removal petition, defendants may submit affidavits and deposition transcripts; and in support of their motion to remand, the plaintiffs may submit affidavits and deposition transcripts along with factual allegations contained in the verified complaint.").

None of the documents ANPAC and Wilson submit are attached to affidavits.[19] These documents are neither sworn nor authenticated, and they are, therefore, not competent summary judgment evidence. *See* Fed. R. Civ. P. 56(e); *Salvaggio v. Safeco Prop. & Cas. Ins. Co.*, 458 F. Supp. 2d 283, 288 n.3 (E.D. La. 2006)(Feldman,

---

[18] Rec Doc. No. 9-6, 9-7, 9-9.

[19] Rec. Doc. No. 9.

J.)(citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 481 n.5 (5th Cir. 2004)).[20] The Court will not consider these exhibits to determine improper joinder.

The severity of plaintiff's injuries is unknown. Plaintiff's petition alleges damages that include past mental and physical pain and suffering, future mental and physical pain and suffering, medical expenses, loss of earnings, future loss of earning capacity, permanent disability to the body and loss of consortium.[21] ANPAC and Wilson argue that these allegations do not support a cause of action above the policy limits.[22] Resolving all issues of fact in favor of plaintiff, the Court cannot definitely find that plaintiff's claims will not exceed the $500,000 limits of the ANPAC policy.

Considering the foregoing, ANPAC and Wilson have failed to carry their burden of establishing that plaintiff has no reasonable basis or possibility of recovery against Progressive. Therefore, ANPAC and Wilson have failed to show that Progressive was improperly joined as a defendant, and the Court may consider Progressive's citizenship for purposes of determining diversity jurisdiction. ANPAC and Wilson did not allege any citizenship of Progressive in the notice of removal, but instead relied on their

---

[20]In *Salvaggio*, this Court refused to consider an insurance policy attached to defendant's opposition memorandum, finding the unsworn document incompetent evidence for an improper joinder analysis. *Salvaggio*, 458 F. Supp. 2d at 288 n.3.

[21]Rec. Doc. No. 1-4, para. 2.

[22]Rec. Doc. No. 9, p. 7.

argument for improper joinder as the ground for removal.[23] Without a showing of complete diversity of citizenship between plaintiff and defendants, the Court lacks subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332.[24]

Accordingly,

**IT IS ORDERED** that Bingham's motion to remand is **GRANTED** as the Court lacks jurisdiction to hear the matter, and that the case is **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

New Orleans, Louisiana, September 15th, 2008.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[23]Rec. Doc. No. 1, paras. 13-15. In their opposition memorandum, ANPAC and Wilson asserted Progressive is domiciled in Louisiana. Rec. Doc. No. 9, p. 1.

[24]In his motion to remand, Bingham also asserts that Progressive did not join in the notice of removal. Pursuant to the Court's finding that ANPAC and Wilson failed to show improper joinder and complete diversity, the Court need not discuss this argument.